837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Y[2] ASSOCIATES, Plaintiff-Appellee,
v.
PHONE-MATE, INC., Defendant-Appellant.
 No. 86-1629.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 DECISION
 MARKEY, Chief Judge.
 
 
 1
 Appeal from the judgment of the United States District Court for the Central District of California, No. 85-1638, based on a finding that Phone-Mate, Inc.'s (Phone-Mate's) model 9000 and model RM devices infringe Y[2] Associates, Inc.'s (Y[2]'s) U.S. Patent No. 3,187,234 (the Muranaka patent). We affirm.
 
 OPINION
 
 2
 Phone-Mate's argument that the district court erred in interpreting claim 1 of the Muranaka patent (because Y[2] "adopted" a narrower definition of "amplitude limiting circuit" during reexamination) fails because Phone-Mate reads too much into the prosecution history it cites. The issue regarding Hashimoto, Marks, and the other references cited during reexamination was whether those references included a limiting circuit. Taken as a whole, Y[2]'s statements are fully consistent with the dictionary definition of limiting circuit employed by the PTO in its decision regarding patentability and relied upon by Y[2]'s expert at trial. Contrary to Phone-Mate's assertion, the district court did not merely adopt the testimony of Y[2]'s expert. As the district court stated, it considered the prosecution history and all other relevant evidence in determining the claim interpretation issue and in finding infringement of claim 1 of the Muranaka patent by Phone-Mate's models 9000 and RM.*
 
 
 3
 Phone-Mate's argument that its devices lack a "peak detector" must also fail. The district court agreed with the testimony of Y[2]'s expert that the characteristics of the FETs found in Phone-Mate's devices infringe, even if "predetermined" were interpreted as "fixed." That testimony included: "the threshold beyond which the input signal starts to charge ... does not vary no matter what the amplitude signal is.... That [threshold] is determined solely by the physical characteristics of the FET and the circuit in which it is embodied." Phone-Mate has not shown a basis on which this court can say that the district court was precluded from accepting that testimony. Hence we cannot say that the finding of infringement was clearly erroneous. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").
 
 
 4
 We have reviewed all of Phone-Mate's other arguments and find them to be equally without merit.
 
 
 
 *
 Because we affirm the finding that Phone-Mate's RM device infringes claim 1 of the Muranaka patent we do not reach the question of whether that device also infringes claim 2